# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1578V
UNPUBLISHED

| | |
|---|---|
| RAGHU DUGGIRALA,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: June 7, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Uncontested;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Reginald C. Allen*, Law Office of Reginald Allen, Philadelphia, PA, for petitioner.

*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

On October 10, 2018, Raghu Duggirala filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act") alleging that he suffered a shoulder injury related to vaccine administration (SIRVA). Petition at 1. In the petition, Petitioner alleged that he received an influenza ("flu") vaccine on October 24, 2015. *Id*. However, the medical records establish that Petitioner's vaccination actually occurred on **October 4**, 2015, more than three years prior to the claim's initiation. Ex 10 at 4-5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

Respondent subsequently filed a Rule 4(c) report and Motion to Dismiss on April 24, 2020. ECF 33; ECF 34. Respondent requested the case's dismissal based upon the

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

untimeliness of the petition's filing (under the Vaccine Act's 36-month statute of limitations) and his determination that the claim (which arose under a Table amendment) was not protected by the Act's "lookback provision."[3] ECF 34. I subsequently issued a Decision Denying Respondent's Motion to Dismiss, in which I found that there is preponderant evidence that Petitioner's shoulder pain began within 48 hours of his flu vaccination. ECF 39. I also found that there is preponderant evidence that Petitioner's pain was limited to his right shoulder. *Id*. at 7-8. Because Petitioner's claim meets the Table SIRVA requirements, it is not untimely under the Act's "lookback provision." *Id*. at 2, 8.

On June 7, 2021, Respondent filed an amended Rule 4(c) report. ECF 41. Recognizing my factual findings regarding the onset and location of Petitioner's pain, Respondent "advise[d] that he will not defend the case on other grounds[4] during further proceedings before the Office of Special Masters." *Id*. at 3. Accordingly, Respondent "submits that [P]etitioner has otherwise satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation ("QAI") for SIRVA. *Id*. at 3, 7-8.

**Therefore, in view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

                                        <u>s/Brian H. Corcoran</u>
                                        Brian H. Corcoran
                                        Chief Special Master

---

[3] *See* 42 U.S.C. § 300aa-16(a)(2), 16(b).

[4] Respondent does reserve his right to a potential appeal of my decision. ECF 41 at 3 n. 2.