# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-1578V
UNPUBLISHED

| | |
|---|---|
| RAGHU DUGGIRALA,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: September 17, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Reginald C. Allen, Law Office of Reginald Allen, Philadelphia, PA,* for Petitioner.

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION AWARDING DAMAGES[1]

On October 10, 2018, Raghu Duggirala filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration (SIRVA).[3] Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] In the petition, Petitioner alleged that he received an influenza ("flu") vaccine on October 24, 2015. Petitioner at 1. However, the medical records establish that Petitioner's vaccination actually occurred on October 4, 2015, more than three years prior to the claim's initiation. Ex 10 at 4-5. I addressed this issue in a Decision Denying Respondent's Motion to Dismiss. ECF 39.

On June 7, 2021, a ruling on entitlement[4] was issued, finding Petitioner entitled to compensation for a right SIRVA. ECF 42. On September 17, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $47,000.00. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $47,000.00, for <u>actual pain and suffering</u>, in the form of a check payable to Petitioner.**

This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] In the proffer, Respondent "reserve[d] his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review" of my entitlement ruling and underlying factual findings. ECF 49 at 2 n.2.

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| RAGHU DUGGIRALA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 18-1578V |
| v. | ) | Chief Special Master Corcoran |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN | ) | |
| SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On April 24, 2020, the Secretary of Health and Human Services ("respondent") filed his

Rule 4(c) Report and a Motion to Dismiss, recommending that entitlement to compensation be

denied and that the petition be dismissed because petitioner's onset of right shoulder pain was

not clearly within 48 hours of vaccination and it was not clear whether petitioner's pain and

reduced range of motion were limited to the shoulder in which the vaccine was administered.

ECF No. 33 at 5-9; ECF No. 34.  Respondent contended that because petitioner lacked evidence

to support a Table injury for shoulder injury related to vaccine administration ("SIRVA"), he

could not allege a claim for actual causation in the alternative utilizing the "lookback" provision

in Section 300aa-16(b) of the Vaccine Act.  ECF No. 33 at 6-9.  On April 22, 2021, the Chief

Special Master issued a Decision Denying Motion to Dismiss ("Decision").  ECF No. 39.

Specifically, the Chief Special Master found that "that there is preponderant evidence that

Petitioner's shoulder pain began within 48 hours of his flu vaccination" and "that Petitioner's

pain was limited to his right shoulder."  *Id.* at 2, 6-8.  The Chief Special Master ultimately

determined that "because the claim meets the Table requirements for a flu vaccine/SIRVA claim, it is not untimely under the Act's 'lookback provision.'"  *Id.* at 2, 8.

On June 7, 2021, respondent filed an Amended Vaccine Rule 4(c) Report advising that, in light of Chief Special Master Corcoran's factual finding that the onset of symptoms took place within 48 hours and that petitioner's pain was limited to his right shoulder is the law of the case, and the medical evidence submitted in this case, respondent did not dispute that petitioner had satisfied all legal prerequisites for compensation under the Vaccine Act.  ECF No. 41 at 3, 7. The same day, Chief Special Master Corcoran entered a Ruling on Entitlement, finding petitioner, Raghu Duggirala, entitled to Vaccine Act compensation for his Table SIRVA injury. ECF No. 42.

## I.    <u>Items of Compensation</u>

### A.    <u>Pain and Suffering</u>

Respondent now proffers that, based on the Chief Special Master's entitlement decision and the evidence of record, Raghu Duggirala should be awarded $47,000.00 in actual pain and suffering.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.[1]

## II.    <u>Form of the Award</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to Raghu Duggirala should be made through a lump sum payment as described below and requests that the Chief Special Master's

---

[1] The parties have no objection to the amount of the proffered award of damages.  Assuming the Chief Special Master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's June 7, 2021 entitlement ruling and underlying factual findings.

decision and the Court's judgment award the following[2]:  a lump sum payment of $47,000.00,

representing compensation for pain and suffering, in the form of a check payable to petitioner,

Raghu Duggirala.

### III.    Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Raghu Duggirala:                                **$47,000.00**

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

s/ Sarah C. Duncan
SARAH C. DUNCAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 514-9729
Email:  sarah.c.duncan@usdoj.gov

DATED:  September 17, 2021

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.