# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1578V
(not to be published)

| | |
|---|---|
| RAGHU DUGGIRALA,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: July 8, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Paralegal Tasks at Attorney Rates; Non-Compensable Tasks |

*Reginald C. Allen*, Law Office of Reginald Allen, Philadelphia, PA, for Petitioner.

*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 10, 2018, Raghu Duggirala filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration.[3] (Petition at 1). On September 17, 2021, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer.(ECF No. 50).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] In the petition, Mr. Duggirala alleged that he received an influenza vaccine on October 24, 2015. Petitioner at 1. However, the medical records establish that Petitioner's vaccination actually occurred on October 4,

Petitioner has now filed a motion for attorney's fees and costs, dated April 14, 2022 (ECF No. 54), requesting an award in the amount of $32,979.51 – solely reflective of fees. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred out-of-pocket expenses in the amount of $530.71. (ECF No. 58). Respondent reacted to the motion on April 19, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 56). On April 25, 2022, Petitioner filed a reply stating that "Counsel has no further argument beyond what is stated in his application". (ECF No. 57).

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

---

2015, more than three years prior to the claim's initiation. Ex 10 at 4-5. I addressed this issue in a Decision Denying Respondent's Motion to Dismiss. ECF 39.

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

Petitioner requests that I endorse the following hourly rates for attorney Reginald Allen: $439 per hour for time billed in 2018; $448 per hour for time billed in 2019; $467 per hour for time billed in 2020; and $491 per hour for time billed in 2021. (ECF No. 54 at 4). I find adjustments are needed to the rates requested.

Mr. Allen has been a practicing attorney since 1995, placing him in the range of attorneys with 20 - 30 years of experience. (Id at 3). The requested rates are all within the Vaccine Program's published range for attorneys at his level of overall experience, albeit on the highest end of the range.[4] However, Mr. Allen does not have demonstrated Vaccine Act experience, with this matter being his first Program case. It is therefore improper for Mr. Allen to receive rates established for comparably experienced counsel who *also* have lengthy experience in the Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, I find it reasonable to reduce the requested rates to the following: $391 per hour for time billed in 2018; $406 per hour for time billed in 2019; $431 per hour for time billed in 2020; and $460 per hour for time billed in 2021. This reduces the amount to be awarded in fees by **$2,892.50**.[5] Mr. Allen will be entitled to rate increases in the future as he demonstrates more experience in Vaccine Program cases.

---

[4] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[5] This amount is calculated as follows: ($439 - $391 = $48 x 22.30 hrs = $1,070.40) + ($448 - $406 = $42 x 7.5 hrs = $315) + ($467 - $431 = $36 x 37.3 hrs = $1,342.80) + ($491 - $460 = $31 x 5.3 hrs = $1,643) = $2,892.50.

### B. Paralegal Tasks at Attorney Rates

Mr. Allen's rate must also be reduced where applied to work billed for paralegal tasks. Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Mr. Allen billed over six hours on tasks that are more properly characterized as paralegal tasks, including requesting medical records, and filing documents.  A few non-exhaustive examples of these entries include:

- July 20, 2018 (0.30 hrs) "Prepared and Sent Client Medical Release";
- September 18, 2018 (0.30 hrs) "Made Online Request for NovaCare Medical Records";
- October 10, 2018 (0.30 hrs) "Mailed Petitioner Overnight from USPS";
- October 21, 2019 (1.70 hrs) "Preparation of Records for Filing and Filing"; and
- November 22, 2019 (0.30 hrs) "Prepared Letter to Walgreens to Obtain VAR."

(ECF No. 54 at 12, 13, 17 and 18).

I shall reduce Mr. Allen's rate for these tasks to the following: $153 per hour for 2018; $156 per hour for 2019 and $163 per hour for time billed in 202. These rates are comparable to what a paralegal would receive. This further reduces the awardable attorney fees by **$1,283.80**.[6]

### C. Non-Compensable Attorney Work

Mr. Allen billed a total of 1.10 hours for time spent on tasks which are not reimbursable. In particular, Petitioner requests fees associated with Mr. Allen's bar

---

[6] This amount consists of ($391 - $153 = $238 x 2.1 hrs = $499.80) + ($406 - $156 = $250 x 2.6 hrs = $650) + ($431 - $163 = $268 x 0.50 hrs = $134) = $1,283.60.

admission to the Court of Federal Claims. However, "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).

The Program does not pay fees associated with the Court's bar admission process. I will therefore deny reimbursement for all such fees, reducing the amount to be awarded for attorney's fees by **$237.60**.[7]

## PETITIONER'S COSTS

Petitioner requests $530.71 in overall costs he directly incurred. (ECF No. 58 at 2). This amount is comprised of obtaining medical records and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). **Accordingly, Petitioner is awarded the total amount of $29,096.32[8] as follows:**

- **A lump sum of $28,565.61, representing reimbursement for attorneys' fees, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Reginald Allen; and**

- **A lump sum of $530.71, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

---

[7]

[8] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

5

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[9]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.